*François Labadie*
*vs*
*Gabriel Richard*

Filed in the clerks office
Aug^t 16 1821.

M Dorr   Clk.

Sup. Court

27                    1820
Supreme Court

*François Labadie*
*vs*
*Gabriel Richard*

filed in Court
Oct^r 11th 1821

Melvin Dorr   Clk

TERRITORY OF MICHIGAN  
   SUPREME COURT       THE UNITED STATES *of America, To William Woodbridge.*

GREETING:

We Command you, that laying aside all and singular all manner of business and excuses, you be and appear in your proper person before our Judges of our Supreme Court for the Territory of Michigan at Detroit, in Said Territory, on the Eleventh day of October present—and bring with you, to be read in evidence, a Certain letter, written to you, by the Rev$^{d}$ Bishop Flaget Dated on the Ohio River the Eleventh day of June A.D. one thousand eight hundred and nineteen, in a Certain Cause now depending in our Said Supreme Court, before the said Judges thereof, between Francois Labadie plaintiff and Gabriel Richard defendant and this you Shall in no wise omit, under the penalty of what may befall thereon.

Witness A. B. Woodward Presiding Judge of our Said Supreme Court, at the City of Detroit, the tenth day of October, one thousand eight hundred and twenty one.

                                       MELVIN DORR   Clerk.

On part of Deft.

## [Case 643, Judgment Record]

■ Pleas at the City of Detroit in the Territory of Michigan before the Judges of the Supreme Court of said Territory, in the Term of September in the year of our Lord one thousand Eight hundred and seventeen.

Territory of Michigan, to wit, Francis Labadie, puts in his place William Woodbridge and Charles Larned, his Attornies, against Gabriel Richard in a plea of the case.

Territory of Michigan, to wit, The said Gabriel Richard puts in his place Solomon Sibley and Andrew G. Whitney, his Attornies, at the suit of the said Francis Labadie, in the plea aforesaid.

Territory of Michigan, to wit, According to the form of the Statute in such case adopted and provided Gabriel Richard was served with a certain writ called a Capias ad Respondendum, issuing, out of our Supreme Court aforesaid, before the Judges thereof at the suit of Francis Labadie, in a plea of Trespass on the case, which said writ follows in these words, that is to say.

TERRITORY OF MICHIGAN, TO WIT,    THE UNITED STATES *of America to*  
      L. S.                     *the Sheriff of the County of Wayne.*

You are hereby commanded, that you take Gabriel Richard, if to be found within the Territory of Michigan, and him safely keep so that you

have his body before the Judges of our Supreme Court to be holden at Detroit on the third Monday of September next, then and there to answer, Francis Labadie, in a plea of Trespass on the case, Slander, to the damage of the said Francis Labadie as is said five thousand dollars, which shall then and there be made to appear, and of this writ make due return, Witness, Augustus B. Woodward, presiding Judge of our said Court, the twenty ninth day of August, one thousand Eight hundred seventeen.

Peter Audrain<br>Clk S.C.T.M.

Endorsement   This action is brought, to recover of the Defendant for words maliciously spoken by Defendant against the character of the plaintiff. Damages $5000.

Return.  I have the body agreeable to the within, service $2.00 mileage, 12½ = $2.12½. Sept 10th. 1817 Austin E. Wing, Shff. W.C.

And afterwards, to wit, in this same Term of September, in the year of our Lord one thousand Eight hundred and seventeen, before the Judges of our Supreme Court aforesaid at the Council House, in the City of Detroit, come the parties aforesaid by their respective Attornies aforesaid, and hereupon further process between said parties is continued, until the Term of September now next ensuing.

At which day, that is to say, in the Term of September, in the year of our Lord one Thousand Eight hundred and Eighteen, before the Judges of our Supreme Court aforesaid, at the Council House in the City of Detroit, comes the said Francis Labadie, by William Woodbridge and Charles Larned, his Attornies aforesaid, and brings into our said Court, before the aforesaid Judges thereof now here his certain bill against the said Gabriel Richard, in the plea aforesaid, which said bill follows in these words, that is to say.

TERRITORY OF MICHIGAN
WAYNE COUNTY, TO WIT,

SUPREME COURT. SEPTEMBER TERM IN THE YEAR OF OUR LORD ONE THOUSAND EIGHT HUNDRED AND EIGHTEEN.

Francis Labadie of said Territory Esquire (plaintiff in this suit) complains of Gabriel Richard, of Detroit in the said County and Territory, Preacher (Defendant in this suit) in custody &c. in a plea of the case &c.

Whereupon the said Plaintiff, declares and says, for that whereas he the said plaintiff, is a good, just and honest citizen, and as such hath ever behaved and conducted himself: — and hath never been guilty, nor, until the time of the committing of the several grievances, by the said Defendant, as hereinafter mentioned, been, by any persons, suspected, of being guilty of the atrocious crimes of adultery or polygamy or open lewdness, or any other, the offences and misconduct hereinafter mentioned to have

been imputed to him: — But until the speaking and uttering of the words hereinafter mentioned, hath ever been justly esteemed and accounted among all his neighbors and acquaintances, an honourable, moral and upright man; And hath hitherto maintained himself and his family respectably, by diligent attention to his business, as a farmer and husbandman, and as a merchant. And also has performed with diligence, propriety and dignity, for many years past, the duties of a civil magistrate and Justice of the peace, in and for said Territory; and had thereby acquired not only the confidence and respect of all his neighbors and others, but also, as and for his legal fees for services performed in his said function of Justice of the Peace divers considerable sums of money. — to wit in said Territory: Nevertheless the said Defendant, well knowing the premises, but maliciously intending to injure the said plaintiff in his aforesaid good name fame and credit: — cruelly to bring him into scandal and disgrace — to cause him to be despised and shut out from all his aforesaid honest modes of livelihood, by exciting aagainst him the odium of all his neighbours, and to expose him to be prosecuted in the manner prescribed for those who may commit crimes of open lewdness, adultery and polygamy — and to harrass — oppress and wholly ruin the said plaintiff — heretofore, to wit, on the sixteenth day of February in the year of our Lord one thousand eight hundred and seventeen, at Detroit aforesaid, in the County aforesaid in the Territory of Michigan and within the jurisdiction of this Court, in a certain discourse which he (said Defendant) then and there had, of and concerning the said plaintiff, in the presence and hearing of divers good and worthy citizens, did then and there, and in the presence and hearing of said ■ divers good and worthy citizens, falsely and maliciously, speak and publish of and concerning the said Plff. the false, scandalous, malicious and defamatory French words following that is to say, "Ce Francois Labady est un pêcheur scandaleux, (meaning said plaintiff was a shameful sinner)— "il commet adultere" (meaning that said plaintiff committed adultery) "ayant une femme encore vivante il epousa la veille vive autre femme, et se fit marier par un majestrat protestant" (meaning that said plff was guilty of polygamy, in causing himself to be married the evening before, to another woman by a protestant magistrate, having at the same time a former wife still living)— Ce marriage qu'il a contracté n'est ni ben, ni valide (meaning that said supposed marriage of said plff. was neither good nor valid)— "C'est un concubinage" (meaning that said plff was herein guilty of concubinage, and open lewdness) "et que les majestrats etaient des imbeciles et des betes" (meaning that all such protestant magistrates were Simpletons and Blockheads) "qu'ils viennent qu il viennent; et je les ferai voire leur devoir—et leur ignorance (meaning that if they the said majistrates

would come to him, the said Defendant, he said Defendant, would learn them their duty, and make them see their own ignorance. And the said plaintiff avers that the said divers good and worthy citizens and others, in whose hearing and presence the afore recited false and scandalous French words were uttered and published, did then and there understand french & comprehended the meaning of said false and defamatory french words — and further that at the time of the speaking of the same and for a long time before the said plaintiff was a husbandman, and also employed in mercantile business, as well as a Justice of the Peace in and for said Territory, in which several businesses he made by his honest industry, attention and skill a considerable profit and large sums of money. And afterwards, to wit, on the twentieth day of May of the year aforesaid at Detroit aforesaid, in the County and Territory aforesaid, and within the jurisdiction of this Court the said Defendant, in a certain other discourse which he (said Defendant) then and there had with one Mr. John S. Roby in the presence of the said John S. Roby, and of divers other good and worthy citizens of and concerning the said plaintiff and further intending as aforesaid in the premises to aggrieve and ruin the said Plaintiff, falsely and maliciously spoke and published of and concerning said Plaintiff, and in the presence and hearing of said John S Roby and others, the other false, scandalous, & malicious words following, that is to say, "Mr. Labady is an adulterer" (meaning that said plaintiff had committed adultery) "I have given notice in church that I shall excommunicate him" (meaning that he the said Defendant as priest had given notice that he should excommunicate the said Plaintiff) "I have forbidden the french people from trading with or speaking to him, and unless he will put away the woman, he calls his wife I will ruin him" (meaning that he the said Defendant as priest had forbidden the citizens of this Territory commonly called french from dealing with ▇ said plaintiff as merchant as aforesaid, and as husbandman as aforesaid, and applying to him as magistrate as aforesaid, and thus destroy all his abovementioned means of livelihood, unless he said plaintiff would part from and put off his said wife.

And afterwards, to wit, on the sixth day of July of the year aforesaid at Detroit aforesaid in said County and Territory and within the jurisdiction of this Court, the same Defendant, in a certain other discourse, which he (said Defendant) then and there had, and delivered, in the presence and hearing of divers good and worthy citizens and others, of and concerning the same plaintiff, further intending herein to aggrieve and ruin said plaintiff, falsely and maliciously then and there, and in the presence and hearing of said divers good & worthy citizens and others spoke and with a loud voice published, of and concerning said plaintiff, the other false, scandalous, and malicious French words following, that is to

say, "Ce Labady, (the said plaintiff meaning) est vraiment un adultere" (meaning that said Plaintiff was guilty of adultery) Il n'est plus un homme" (meaning that said plaintiff was no longer a man) "C'est un Bête pave qu'il est revetu de heres imperceptible" (meaning that said plaintiff was a Brute influenced by spirits of evil — and no longer to be trusted) and the said plaintiff avers, that the said divers good and worthy citizens and others, last above mentioned, in whose presence and hearing said last above recited words, false and defamatory were spoken and published as aforesaid in french, did then and there understand the french language and comprehend the meaning of said recited french words.

And afterwards, to wit, before and on the day, and year of the commencement of this suit, at Detroit aforesaid, in the County and Territory aforesaid, and within the jurisdiction of this Court, the said Defendant with the like wicked intent, and of his further malice, in a certain other discourse, which the said Defendant then and there had in the presence and hearing of Charles Larned Esquire, and others, good and worthy citizens, of and concerning the said plaintiff, falsely and maliciously spoke and published of and concerning the said plaintiff, these other false and malicious and defamatory words following, that is to say, "he" (meaning said plaintiff) "is an adulterer" — meaning that said plaintiff had committed the atrocious crime of adultery.

By means of the committing of which said several grievances by the said Defendant as aforesaid, he the said plaintiff hath been and is greatly injured in his good name, fame and credit, and brought into public scandal, infamy and disgrace, with and among all his neighbours, and other good and worthy Citizens of this Territory and others — insomuch that divers of the good, honest and respectable inhabitants of said Territory, who were always before wont to treat said plaintiff with kindness, respect, and confidence, in consequence, and on occasion of the committing of said grievances, by the said Defendant as aforesaid, from thence, hitherto have suspected and believed, and still do suspect and believe the said plaintiff to have been and to be a person guilty of all those several, atrocious crimes wherewith the said plaintiff hath been, by the said Defendant, as above recited, so wrongfully and maliciously charged, — And from thence hitherto wholly refused and still do refuse to have any transactions or discourse with him the said plaintiff as they were before used and accustomed to have and otherwise would have had.        And also by reason ■ thereof one John S. Roby of Detroit aforesaid merchant, who before, and at the time of the committing of the said grievances, had employed for a long time before, and still at the time of said several grievances committed, continued to employ said plaintiff, as merchant and salesman and clerk, for certain very high wages and profits to the said plaintiff, accruing to sell and retail certain large quantities of

merchandizes, and would otherwise have continued to have so employed him the said plaintiff, for the same wages and great profits:—

Afterwards, to wit, on the day and year last above mentioned, and referred to, in the said Territory by reason solely of said grievances and wrongs, wholly refused any longer so to employ him:— Also by reason thereof, the said plaintiff, while in the performance of his ordinary labours and calculations, as an husbandman, and having certain large quantities of grain and other crops ready to be harvested, could no longer, as he was ever before able to do, and in the habit of doing, employ any of those labourers, whom he was always before accustomed to employ, for the purpose of harvesting and gathering in and saving his aforesaid large quantities of grain and other crops but by reason of the premises, afterwards, to wit, during the year last aforesaid in the said Territory, lost the same, — and has ever since been unable, in consequence of said grievances profitably to carry on his said farming business:— Also by reason thereof those of the good citizens of said Territory who were accustomed to apply themselves, to the said plaintiff for the performance of various official duties, as justice of the peace to the very great advantage, and profit of the said plff. by reason of said grievances from thenceforth refrained from and ceased for such purposes to apply themselves as aforesaid, to this plaintiff, whereby, he lost large sums of money — And the said plaintiff hath been and is, by means of the premises otherwise, greatly injured, to wit at Detroit aforesaid, To the damage of the said plaintiff in the sum of five thousand dollars, and therefore they bring suit &c.

Larned &. Woodbridge
Atty<sup>s</sup> for Plff.

And afterwards, to wit, in this same Term of September, in the year of our Lord one thousand Eight hundred and Eighteen, before the Judges of our Supreme Court aforesaid, at the place aforesaid, come the parties aforesaid, by their respective Attornies aforesaid, and hereupon further process between said parties, is continued until the Term of September, now next ensuing.

At which day, that is to say, on this twenty first day of September, in the Term of September, in the year of our Lord one thousand Eight hundred and nineteen, before the Judges of our Supreme Court, at the Council House in the City of Detroit, come as well the said Gabriel Richard, as the said Francois Labady, by their respective Attornies aforesaid, and the said Gabriel Richard, by Sibley & Whitney his aforesaid Attornies, now and here defends the wrong and injury when &c. and as to the above declaration and all the matters and supposed grievances therein set forth and contained █ and mentioned, except as to the following french words

in the first count of said declaration mentioned, to wit, "Il commet adultere" and the following English words in the second count of said declaration, to wit "Mr. Labady is an adulterer," and the following french words in the third count of said declaration mentioned, to wit, "Ce Labady est vraiment un adultère," and the following English words in the fourth count of said declaration mentioned, to wit, "he is an adulterer," therein says that he is not guilty thereof, in manner and form as the said Plaintiff hath thereof complained against him, and of this he puts himself upon the country.

And the said Francis Labady, by his Attornies aforesaid, now here appearing doth the like.

And for a further plea in this behalf, as to the residue of the said supposed wrongs and grievances in said declaration set forth, to wit, as to the speaking and publishing of and concerning the said Plaintiff, by the said Defendant, on the said day and at the said place as in the said first count of said Declaration mentioned and set forth, the following french words, to wit, "Il commet adultère" (meaning that the said Plaintiff committed adultery) and on the said day and at the said place as in the said second count of said declaration mentioned, the following English words, to wit, "Mr Labady is an adulterer" (meaning that the said Plaintiff had committed adultery) and on the said day, and at the said place as in the said third count of said declaration mentioned, the following french words, to wit, "Ce Labady est vraiment un adultère" (meaning that said Plaintiff was guilty of adultery) and on the said day and at the said place as in the said fourth count of said declaration mentioned, the following English words, to wit, "he is an adulterer" (meaning that said Plaintiff had committed the atrocious crime of adultery) the said defendant, by Sibley & Whitney, his Attornies, by leave of the Court here for that purpose first had and obtained, Saith, that the said Plaintiff ought not to have and maintain his aforesaid action thereof against him, because he says that long before the speaking and publishing the said several words of and concerning the said Plaintiff by the said Defendant as in the said several counts of said Declaration mentioned, to wit, on the fourteenth day of September, in the year of our Lord one thousand Eight hundred and fourteen, And on divers days and times thereafter and between the said fourteenth day of September, one thousand Eight hundred and fourteen, and the day of the commencement of this action, to wit, within the county of Wayne and Territory of Michigan, the said Plff. did have carnal knowledge of and commit adultery with one Mary Griffard formerly wife and widow of one Louis De Hêtre deceased, the said Plaintiff then having a lawful wife still living. Wherefore he the said Defendant, afterwards, to wit, on the said divers days, and at the said several places, as are in the said several counts of said declaration mentioned and set forth, did speak

and publish of and concerning the said plaintiff, and in the presence and hearing of divers good and worthy citizens, (which said citizens, in whose presence and hearing the following french words in the said first and third counts, in said decla ▊ ration set forth, were spoken and published, did then and there understand the french language), the following french words, as in the said first count of said declaration mentioned, to wit, "Il commet adultere" (meaning the said Plaintiff committed adultery) and the following English words, as in the said second count of said declaration mentioned, to wit, "Mr. Labady is an adulterer" (meaning that the said Plaintiff had committed adultery) and the following french words as in the said third count of said declaration mentioned and set forth, to wit, "Ce Labady est vraiment un adultere" (meaning said Plaintiff was guilty of adultery) and the following English words as in the said fourth count of said declaration mentioned and set forth, to wit, "he is an adulterer" (meaning that said Plaintiff had committed, the atrocious crime of adultery) — as well he might do for the cause aforesaid, and this he is ready to verify: wherefore he prays Judgement if the said Plaintiff ought to have or maintain his aforesaid action thereof against him &c.

Sibley & Whitney

And hereupon further process between said parties is continued until the Term of September now next ensuing.

And afterwards, to wit, on the twenty sixth day of September, in the Term of September, in the year of our Lord one thousand Eight hundred and twenty, before the Judges of our Supreme Court aforesaid, at the Council House in the City of Detroit, come as well the said Labadie as the said Richard, by their respective Attornies aforesaid, and the said Labadie by his aforesaid Attornies, now here, makes replication, to the plea of the said Richard, in the words following, that is to say.

Replication

*Gabriel Richard*
*adsm.*
*Francois Labadie*

And the said Francois Labadie, as to the second plea of the said Gabriel Richard, by him secondly above pleaded, saith, that he the said Francis, by reason of any thing by the said Gabriel, in that plea alledged, ought not to be barred from having, and maintaining his aforesaid action thereof against him the said Gabriel, because, protesting that he, (said Francois) did not have carnal knowledge of, and commit adultery with one Mary Grifford, formerly wife, and widow of one Louise Hêtrê deceased, he the said Francois having then a lawful wife still living, on the said fourteenth day of September in the year of our Lord one thousand Eight hundred and fourteen, in manner and form as the said Gabriel hath above in his said second plea in that behalf most wrongfully alledged: — for replication, nevertheless, in this

behalf, the said Francois saith, that the said Gabriel, at the several times mentioned in said declaration, at Detroit in the said County and Territory, talking and discoursing to and with divers good and worthy citizens, and others, who well understood the French language, of and concerning the said Francois, did, of his own wrong and mere malice, falsely and maliciously speak, repeat and declare the several french words mentioned in said declaration, and attempted to be evaded in said second plea of said Gabriel, of and concerning said Francois ■ and charged the said Francois with the said crime in said declaration set forth and in said plea attempted to be evaded:— And also, at Detroit aforesaid in said County and Territory, at the said other times mentioned in said declaration, the said Gabriel, talking and discoursing with said John S. Roby, and also(as in said declaration mentioned, with Charles Larned Esquire and with divers other good and worthy citizens, of his own wrong and mere malice, did falsely and maliciously, repeat speak and declare the said other several English words in said declaration mentioned and in said plea repeated and attempted to be evaded, of and concerning said Francois:— and charged the said Francois with the said other crimes, in said declaration described, and in said second plea attempted to be evaded. And the said Francois says, that the said false scandalous and malicious words in said declaration mentioned and in said second plea of said Gabriel repeated, were uttered, spoken, declared and pronounced by the said Gabriel, as in said declaration is set forth, maliciously and with a view to injure, aggrieve and ruin the said Francois and from the mere malice of said Gabriel and not otherwise; and this he prays may be enquired of by the country. Larned &. Woodbridge
Atty$^s$ for Plff.

And hereupon further process between said parties is continued until the Term of September now next ensuing.

At which day, that is to say, on this sixth day of October, in the Term of September, in the year of our Lord one thousand Eight hundred and twenty one, before the Judges of our Supreme Court aforesaid, at the Council House in the City of Detroit, come, as well the said Richard, as the said Labadie, by their respective Attornies aforesaid, and the said Richard, by Sibley & Whitney, his aforesaid Attornies, rejoins to the aforesaid replication of the said Labadie, in the words following, to wit.

*Gabriel Richard*
*adsm.*
*François Labadie*

Rejoinder

And the said Gabriel Richard, as to the said replication of the said Francois Labadie to the said second plea of him the said Gabriel, and which the said Francois prays may be enquired of by the Country, doth the like. Sibley & Whitney, Atty$^s$

And afterwards, to wit, on this Eleventh day of October, in this same Term of September, in the year of our Lord one thousand Eight hundred and twenty one, before the Judges of our Supreme Court, at the Council House in the City of Detrot come as well the said Richard as the said Labadie, by their respective Attornies aforesaid; Therefore let a Jury thereupon come before our Judges aforesaid, at the Council House in the City of Detroit, on this day, by whom &c. and who neither &c. to try the issue joined between said parties, because as well the said Labadie as the said Richard, put themselves upon that Jury. And the Jurors of the Jury of whom mention is made, to wit, John Bird, Ralph R. Bell ▮ Seth Dunham, George Gage, Asa Madison, Louis Thibault, John Corbus, Aaron C. Corbett, John Sargeant, David Johnson, Thomas Noxen and Daniel B. Cole, being called also come, who to speak the truth of and concerning the matters herein contained, being duly chosen tried and sworn, do say upon their oaths, that the said Gabriel is guilty in manner and form as the said Francois, hath above thereof complained against him, and do now and here assess the damages of the said Francois Labadie, on occasion of the premises, besides his costs and charges by him about his suit in this behalf expended, to Eleven hundred, and sixteen dollars.

**Motion in arrest** And hereupon the said Gabriel Richard, by Sibley & Whitney, his Attornies aforesaid, says that the Court here ought not to proceed to give Judgement, upon the said verdict and prays that Judgement against him the said Gabriel Richard in and upon the verdict aforesaid, by the Jurors aforesaid, in form aforesaid given, may be arrested and stayed for the reasons following to wit.

**Reasons in arrest** First, That the verdict is given by the Jury against the evidence given and exhibited to the court and Jury.

Second, That the words charged to have been spoken, were proved to have been spoken by the defendant in the course of religious discipline, between members of the same religious society — and not cognizable in a Court of Law.

Third, That the several words charged to have been spoken by the Defendant of and concerning the Plaintiff are not actionable or such as will support an action at Law.

Fourth, That some of the words charged to have been spoken, are not actionable, and for inasmuch as the verdict of the Jury rendered is a general verdict for damages, and it cannot appear to the Court, but, that the same has been rendered on said words, that are not actionable, contained in the declaration, therefore no Judgement can be entered on said verdict by this Court.

Fifth, That there was a mistrial, for inasmuch as no proper issue was joined on the second plea pleaded by the Defendant.

Sixth, Because illegal and improper evidence was admitted to go to the jury.

Seventh, Because there are many and numerous errors, in the pleading not aided or cured by the verdict.                    Sibley & Whitney
                                                                    Attys for Deft.


And because the Court here are not now advised what Judgement to give of and concerning the premises, therefore, further process, between said parties is continued, until the Term of September now next following.

At which day, that is to say, in the Term of September, in the year of our Lord one thousand Eeight hundred, and twenty two, before the Judges of our Supreme Court, at the Council House in the City of Detroit, come as well the said Richard as the said Labadie, by their respective Attornies, aforesaid, and hereupon further process, between said parties, is continued until the Term of September, now, next ensuing.

At which day, that is to say, on this seventh day of October, in the Term of September, in the year of our Lord, one thousand Eight hundred and twenty three before the Judges of our Supreme Court aforesaid at the Council House in the City of Detroit come the parties aforesaid by their respective Attornies aforesaid, upon which, the parties aforesaid, having been heard, by their respective Attornies aforesaid, in and upon the aforesaid motion of the said Richard, in arrest of Judgement, and the Record and matters, aforesaid, having been seen, and by the Court here now fully understood, and all and singular the premises having been examined and mature deliberation, being thereon had, it is considered by the Court now here, that the said Richard do take nothing by his said motion.

And upon that the said Richard by Sibley & Whitney, his Attorneys aforesaid, says that the Court here ought not to proceed to give Judgement against him, upon the said verdict, and prays that the same verdict may be set aside, and that the issue aforesaid, may be tried anew by other Jurors to be afresh empannelled, for the reasons following, to wit. *Motion for New Trial*

First, Because the verdict is given by the Jury, against the evidence given and exhibited to the court and Jury. *Reasons for New-Trial*

Second, Because the verdict was contrary to Law.

Third, Because illegal and improper testimony was permitted to go to the Jury.

Fourth, Because previous to the Term of this Court in 1820 an order of this court was made on motion of this Defendant for a special Jury to be struck for the trial of this case in obedience to which the Sheriff returned to the clerk's office a pannel of forty eight, from whom a jury was to be struck in this manner, to wit; the parties were each to strike out twelve; the remaining twenty four were to be put in box and twelve

drawn from the box, who were to be returned as a jury to try this case. —but on examination of the panel on the day appointed to strike the jury, by this Defendant, it was found that out of the forty eight, there were but fourteen catholicks, and that by the operation of the rule for selecting the Jury from the forty eight, such as they were found to be, the object of the rule for a struck Jury was entirely defeated.

Fifth, Because in consequence of reasons last assigned the Jury who tried this case were composed of eleven protestants, and one catholick, and was not constituted of such men as was intended and contemplated by this Court when they made the order for a special Jury.

Sixth, Because the jurors of the Jury who were empanneled to try this cause and who rendered the verdict in this case were not elected or drawn by ballot from the whole pannel, but were called in the order in which their names stood on the general panel.

Seventh, Because, the verdict rendered in this case is inconsistent with and at variance with the issue joined by the pleadings and which was tried by the Jury, inasmuch as the verdict finds the Defendant guilty in manner and form as is charged in the declaration, when the most important matters charged in the declaration ▇ were put out of the issue by the Plaintiffs own pleadings.

Eighth, Because, there were weighty and substantial objections to the credibility of many of the witnesses sworn on the part of the Plaintiff, which were not known to the council, at the time of the trial, on account of the unexpected abscence of the Defendant, at and long before the time of trial.

Ninth, Because, there were several witnesses whose evidence was material and necessary to the defence of the Defendant who were not known to the council at the time of the trial on account of the abscence as aforesaid of the Defendant.

Tenth, Because, the damages assessed in the verdict of the Jury are excessive.

Eleventh, Because,—the matter really and substantially in contest in this case, is of highest importance, not only to this Defendant, but to the largest portion of this community, and is of a nature novel in this country.

Twelfth, Because, this cause, after having been once continued on motion of Deft's council, at the same term, was ordered on to trial during the necessary, unexpected and unavoidable abscence of the Defendant from the country, at notice too short for the purposes of doing Justice to the Defendant, and in consequence of which his council could not be prepared for trial.

Thirteenth, Because, the trial was had when but one Judge of this Court, was on the bench, whereby this Defendant was deprived, of the

advantage and right every citizen is entitled to expect, by the Law of the Land, especially in a case so important and novel in its character, to have the benefit of the deliberation of the whole court, and a decision of a majority of the same.

And afterwards, to wit, on this Eleventh day of October, in this same Term of September, before the Judges aforesaid at the place aforesaid come the parties aforesaid, by their respective Attornies aforesaid, and the said Richard, by his Attornies aforesaid, having been heard in and upon his aforesaid motion to set aside said verdict, and for a new trial of said issue; — and all and singular the premises having been examined, and by the Court here now fully understood, and mature deliberation being thereon had, it is considered by the Court now here that the said Richard do take nothing by his said motion.

And hereupon further process between said parties, is continued, until the Term of September now next ensuing.

At which day, that is to say, on this twenty first day of September in the Term of September, in the year of our Lord one thousand Eight hundred and twenty four, before the Judges of our Supreme Court aforesaid at the Council House in the City of Detroit, come as well the said Labadie, by his Attornies aforesaid as the said Richard by Andrew G. Whitney his Attorney, and the said Labadie by his Attornies aforesaid, prays Judgement against the said Gabriel Richard, in and upon the verdict aforesaid, by the Jurors aforesaid, in form aforesaid given. Therefore it is considered ■ by the Court, now here, That the said Francois Labadie do recover against the said Gabriel Richard, his damages, by the Jurors aforesaid in form aforesaid assessed to Eleven hundred and sixteen dollars; and also thirty five dollars and sixty two and one half cents, for his costs and charges by him about his suit in this behalf expended, by the said Court now here adjudged to the said Francois Labadie and with his assent.

Signed by order of the Court
In open Court — Dec^r 6th. 1825.           J. Kearsley.
                                      Clerk.

[Judgment Records, Book B, MS pp. 319–30]